UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAQUAN MAJOR,

                   Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                   Respondent.
----------------------------------------------------------X

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM & ORDER
13-CV-7425 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge**

On December 31, 2013, the Court received petitioner Daquan Major's *pro se* petition to vacate the sentence entered in this Court on May 2, 2006. Since petitioner has already filed a prior motion under 28 U.S.C. § 2255 ("§ 2255") challenging the same conviction and/or sentence, this Court cannot consider the instant petition. The petition is hereby transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.

## BACKGROUND

Petitioner previously filed a prior motion challenging the sentence imposed on May 2, 2006 in United States v. Major, et al., No. 01-CR-1343-DGT. On May 4, 2009, petitioner filed a petition for a writ of *habeas corpus* pursuant to § 2255, which was denied on August 2, 2011. Major v. United States, No. 09-CV-1846-KAM, 2011 WL 3348085 (E.D.N.Y. Aug. 2, 2011). The instant motion challenges the same conviction and/or sentence. Thus, it is a second or successive motion within the meaning of § 2255, which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme
Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, only the Court of Appeals, and not the District Court, may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen under this docket number.

Petitioner's December 4, 2012 "Motion to Correct Sentence," filed in No. 01-CR-1343-DGT (ECF Entry No. 271) was reassigned to the undersigned on December 13, 2012, and remains under review by the Court.

**SO ORDERED**

Dated:   Brooklyn, New York
         January 6, 2014

/S/ Judge William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
United States District Judge